Scott S. Christie
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056
Tel: (973) 622-4444
schristie@mccarter.com

Erik Paul Belt
Anne E. Shannon
**McCARTER & ENGLISH, LLP**
265 Franklin St.
Boston, Massachusetts 02110
Tel: (617) 449-6500
ebelt@mccarter.com
ashannon@mccarter.com

*Attorneys for Plaintiff*
*Hayward Industries, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAYWARD INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SALTWATER POOL SUPPLIES, *d/b/a* SALT POOL STORE, *d/b/a* SaltPoolStore.com and SALT PRO SYSTEMS LLC *d/b/a* SALT PRO SYSTEMS *d/b/a* SALT PRO SYSTEMS DIRECT, *d/b/a* SaltProDirect.com <br><br> Defendant. | Civil Action No. 2:20-cv-06105-KM-ESK <br><br><br> **MEMORANDUM IN SUPPORT OF HAYWARD'S MOTION FOR ALTERNATIVE SERVICE OF PROCESS AND EXTENSION OF TIME TO SERVE** |

### INTRODUCTION

Plaintiff Hayward Industries, Inc. ("Hayward"), respectfully requests that the

Court allow alternative service of process on Defendant Saltwater Pool Supplies,

*d/b/a* Salt Pool Store, *d/b/a* SaltPoolStore.com ("Salt Pool Store") by e-mail.

ME1 33945565v.2

Hayward has already attempted to serve Salt Pool Store numerous times, via a process server, at three of its last known addresses.  But Salt Pool Store could not be found at those addresses and appears to have abandoned them or is, at the very least, concealing its location. Indeed, Salt Pool Store appears to have moved several times, and its last three known addresses have been abandoned. Furthermore, Salt Pool Store has no known agent for accepting service of process. In short, Salt Pool Store is playing a shell game to avoid service.

The only other means of contacting Salt Pool Store is through its e-mail address listed on its website. (The website is still in operation, and Salt Pool Store is still advertising and selling infringing products. Thus, Salt Pool Store appears to still be in business, even though it is concealing its location.) Therefore, Hayward seeks to serve Salt Pool Store with process by sending a copy of the summons and Amended Complaint via Salt Pool Store's e-mail address.  Moreover, Hayward requests additional time to serve Salt Pool Store to ensure that service is completed.

## BACKGROUND

### A.    The Alleged Trademark Infringement and Unfair Competition

Hayward asserts claims for trademark infringement, false advertising, counterfeiting, false designation of origin, and other claims under the Lanham Act, as well as related claims under New Jersey statutory and common law.  In general,

ME1 33945565v.2

Hayward alleges that Salt Pool Store and its related entities are advertising and selling chlorine generation equipment for swimming pools that trades on Hayward's federally registered marks, such as T-CELL-15® and AQUA RITE®.

By way of background, pool chlorine generators are electronic systems that turn salt into chlorine to sanitize a pool, eliminating the need to manually add liquid chlorine or chlorine pellets. These systems include various component parts, including salt cells.  A salt cell is part of a larger salt chlorination system (*e.g*., Hayward's AQUA RITE® system) that includes a controller circuit box and various other fittings and components. A T-CELL-15® salt cell may be included as part of a Hayward salt chlorination system.

Shown below is a HAYWARD® T-CELL-15® salt cell, which is one of several models that Hayward sells under various trademarks.  For example, some models also bear the TURBO CELL® or GOLDLINE® marks.



3

These salt cells need to be replaced every few years. Salt Pool Store falsely advertises and passes off its replacement salt cells as HAYWARD® T-CELL-15® salt cells by, for example, luring customers with pop-up ads for "Hayward's T-Cell-15 Just $269.00 40,000 Gallons 5 Year Warranty." Below is an example of an infringing ad, which pops up on various pool industry and consumer websites when a customer searches online for Hayward's salt cells:



https://www.aquaticsintl.com/manufacturer/apj-corp.

Once a consumer selects the link to open the advertisement above, expecting it will lead to a website to buy a genuine HAYWARD® T-CELL-15® salt cell, the consumer is instead directed to Salt Pool Store's own "Platinum Edition replacement salt cell for HAYWARD T-CELL-15" on Salt Pool Store's website. To wit:

4



https://saltpoolstore.com/collections/replacement-cells-for-hayward-aquarite-systems/products/platinum-edition-replacement-salt-cell-for-hayward-t-cell-15-40-000-gallons-5-year-warranty?gclid=EAIaIQobChMI0q3No7_D6AIVeGMVCB2SvQ2REAEYASAAEgII1_D_BwE (accessed May 18, 2020).

Other instances of infringement are alleged in the Amended Complaint (Dkt. No. 5) at, *e.g.*, ¶¶ 34-69.

## B.    Hayward's Unsuccessful Attempts to Serve Salt Pool Store

Hayward filed its original complaint on May 19, 2020.  Dkt. No. 1. But before filing the complaint, Hayward sent a cease and desist letter to Salt Pool Store.  Only after receiving no response did Hayward file the complaint.  Before attempting to serve the complaint, Hayward sent another cease and desist letter and

a courtesy copy of the complaint by e-mail to Sales@saltpoolstore.com and also by overnight mail.  In that letter, Hayward invited settlement negotiations in one last effort to avoid the need for service and extensive litigation. The e-mail was not bounced back as "undeliverable," thus indicating that Salt Pool Store is capable of receiving e-mails at that e-mail address.  *See* **Exhibit A,** email receipt for the cease and desist letter and complaint.   In other words, the e-mail address appears to be valid.   The overnight mail package, however, was returned because it was "refused" or because Salt Pool Store "does not live there."   **Exhibit B**, copies of the returned envelopes.

Salt Pool Store did not respond, and thus Hayward engaged a process server to serve Salt Pool Store at its known addresses (as posted on its website) at 3501 Woodhead Drive, Northbrook, Illinois 60062 and 1850 Cotillion Drive, Unit 3201, Atlanta, Georgia 30338-7900.  The process server first attempted service on June 11, 2020 and June 16, 2020.  As detailed in the process server correspondence, the first two attempts to serve Salt Pool Store were unsuccessful.  At both locations, the process server was told that Salt Pool Store had moved and that the company is otherwise unknown.  **Exhibit C**, correspondence from the process server regarding the Illinois and Atlanta, Georgia address for Salt Pool Store.  Hayward also ordered and paid for a "skip trace" to determine a location for Salt Pool Store, but no

ME1 33945565v.2

additional or identifying information surfaced.  *Id*. [1]  Hayward further searched the

WHOIS registry records for the owner of the domain name saltpoolstore.com, but

that searched revealed that the registrant is anonymous.

Nevertheless, Hayward continued in its efforts to serve Salt Pool Store.

Hayward researched various consumer review websites and secretary of state

corporate records, including in Illinois, Georgia, Delaware, and New York to try to

find Salt Pool Store's corporate identity and address. After a further review of Salt

Pool Store's website and after purchasing an infringing product, Hayward

discovered an additional entity that appears to be related to Salt Pool Store,

namely, Salt Pro Systems LLC.  Thus, on July 21, 2020, Hayward amended the

complaint to include Salt Pro Systems LLC as a defendant (and also to include new

instances of infringement that Hayward had found in the interim).  Dkt. No. 5,

Amended Complaint.  Hayward also discovered another address for Salt Pool Store

at 5738 Darry Circle, Norcross, Georgia 30093.  That address appears in Salt Pool

Store's terms of service on its website.  **Exhibit D**.  The process server attempted

to serve Salt Pool Store at the Norcross, Georgia address three times, all

unsuccessful.

Salt Pro Systems LLC was successfully served on July 28, 2020.  **Exhibit E,**

Affidavit of Service**.**  The process server, however, could not find Salt Pool Store

---

[1] A "skip trace" is used to uncover information on hard-to-find individuals in order
to locate them. Process server companies provide this service for an additional fee.

ME1 33945565v.2

at any of its three known address. **Exhibit F**, Affidavits from process servers concerning the three addresses.

Salt Pool Store appears to be ducking service and/or concealing its location. Although Hayward has conducted numerous Internet investigations and paid for a skip trace report, Hayward has been unable to find a viable address at which to serve Salt Pool Store. Even though Salt Pool Store listed on its website two of the three addresses at which Hayward tried to effectuate service, and Hayward found one other address through its investigation, Salt Pool Store was not actually at any of those addresses, and thus could not be served in person.

## ARGUMENT

Service upon a defendant in the United States may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In this case, Hayward may rely upon New Jersey law for the appropriate method of service. New Jersey Court Rule 4:4-4(b)(3) permits constructive or substitute service when personal service cannot be effectuated. Moreover, Fed.R.Civ.P. 4(m) permits an extension of time to complete service upon a showing of good cause.

When, as is the case here, a plaintiff "can find neither the defendant, nor defendant's last and usual abode, nor any agent upon whom service may be made,"

ME1 33945565v.2

Rule 4:4-4 permits a plaintiff to serve a defendant with process through alternative means.  N.J. Ct. R. 4:4-4(b)(3).

As demonstrated above, Hayward has been diligent in attempting to complete service.  Hayward has reviewed Salt Pool Store's website, searched consumer review websites, conducted a WHOIS domain registry search, ordered and paid for a skip trace, and hired process servers to serve the initial and Amended Complaint.  Hayward also searched secretary of state records to find any other information about this defendant.  Hayward has sent process servers to all of the last known addresses of Salt Pool Store, and they attempted to serve Salt Pool three times, but Salt Pool Store could not be found at those addresses. In such a circumstance, alternative service by e-mail is warranted.  *See* **Exhibit G**, *Minden Pictures, Inc v. Ammoland, Inc.,* No. 3:20-cv-02276-MAS-TJB (D.N.J. June 23, 2020) (granting plaintiff's motion for alternative service and finding plaintiff made diligent efforts to locate and serve defendant); **Exhibit H**, *Viahart, LLC v. Does 1-73*, No. 6:18-cv-604-RWS-KNM (E.D. T.X. June 17, 2020) (granting Plaintiff's motion for alternative service by e-mail).

Service by e-mail is an appropriate alternative in this case.  Salt Pool Store's website includes at the bottom of each page: "Get in Touch" and lists its e-mail address as sales@saltpoolstore.com.  Hayward has previously sent an e-mail to this address and it appears to be valid because Hayward's e-mail did not bounce back

9

as undeliverable.  As such, allowing service by e-mail is a practical solution that should be sufficient to effect service here.  See *Myer v. Zhao Tang Kuang*, No. CV 19-09385, 2020 WL 525913, at \*2 (D.N.J. Jan. 31, 2020) (allowing motion to permit alternative service to the e-mail address used previously when the e-mail was "not returned as undeliverable."); *see also Celgene Corp. v. Blanche Ltd.,* No. CV16501SDWLDW, 2017 WL 1282200, at \*3 (D.N.J. Mar. 10, 2017) (allowing for alternative service of process by e-mail).

In addition, Hayward also requests an extra twenty (20) days to complete service in case unforeseen problems arise.  Again, Hayward has been diligent and has tried to find the defendants through various means.  As such, there is good cause for an extension.  *See Nabi v. Childs*, No. CV1912872ESMAH, 2019 WL 5800254, at \*5 (D.N.J. Nov. 7, 2019) (granting motion for alternative service and extension of time to serve based on plaintiff's demonstrated due diligence in its attempt to serve defendants not through any fault or lack of effort on plaintiff's part).

## CONCLUSION

For the reasons set forth above, Hayward respectfully requests that the Court allow alternative service by e-mail as to Defendant Saltwater Pool Supplies, *d/b/a* Salt Pool Store, *d/b/a* SaltPoolStore.com via the e-mail address sales@saltpoolstore.com and grant an extension of twenty (20) days to serve Salt

ME1 33945565v.2

Pool Store.


Dated:  August 6, 2020                        *s/Scott S. Christie*
                                               Scott S. Christie
                                               **MᴄCARTER & ENGLISH, LLP**
                                               Four Gateway Center
                                               100 Mulberry Street
                                               Newark, New Jersey 07102-4056
                                               Tel:  (973) 622-4444

                                               Erik Paul Belt
                                               Anne E. Shannon
                                               **MᴄCARTER & ENGLISH, LLP**
                                               265 Franklin St.
                                               Boston, Massachusetts 02110
                                               Tel: (617) 449-6500
                                               ebelt@mccarter.com
                                               ashannon@mccarter.com

                                               *Attorneys for Plaintiff*
                                               *Hayward Industries, Inc.*

ME1 33945565v.2